IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GWENDOLYN D. GABRIEL and BARBARA J. GABRIEL, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:19-cv-3003-M-BN |
| THE DALLAS COUNTY CIVIL COURT SYSTEM, ET AL., | § § § § | |
| Defendants. | § § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs Gwendolyn D. Gabriel and Barbara J. Gabriel initially brought this *pro se* action against the State of Texas, its Attorney General, the State Commission on Judicial Conduct, the Dallas County civil courts, and a Dallas County state judge, requesting as relief, in part, that this Court command "the State to Void the Judgments" in two state court proceedings. Dkt. No. 3. Their case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. And, on January 8, 2020, after reviewing the initial complaint, the Court ordered Plaintiffs to show in writing that the Court has subject matter jurisdiction over their lawsuit. *See* Dkt. No. 5.

That order noted:

> It is evident that Plaintiffs' claims stem from at least two state court proceedings, the judgments of which they request this Court to void. *See* Dkt. No. 3 at 18. As such, their claims appear to implicate "the *Rooker-Feldman* doctrine" – "a narrow jurisdictional bar ... designed to prevent lower federal courts from exercising jurisdiction over matters

> that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (per curiam) (citing *Lance v. Dennis*, 546 U.S. 459, 464, 463 (2006) (per curiam); citation omitted). Put differently, federal-court authority to review a state court's judgement lies exclusively with the United States Supreme Court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, the District Courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction." (citations omitted)); *see also Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United State Supreme Court.").

*Id.* at 3-4.

Plaintiffs responded by filing an amended complaint. *See* Dkt. No. 6. That filing still did not show that the Court has subject matter jurisdiction. As the undersigned explained in the findings of fact and conclusions of law recommending dismissal for lack of subject matter jurisdiction (the "FCR"),

> Plaintiffs acknowledge [the *Rooker-Feldman*] bar to subject matter jurisdiction in their amended complaint: "We understand that Federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress. But when evidence exists that a Judge and its oversight Agencies have violated Federal Law and OBSTRUCTED JUSTICE, Congress should authorize such power." Dkt. No. 6 at 20. And they amend their claims to allege violations of federal criminal statutes, citing 18 U.S.C. §§ 4 and 1503. *See, e.g.,* Dkt. No. 6 at 19-20.
> 
>    But, even if a federal criminal statute may apply here, Plaintiffs may "not assert a valid basis for federal question jurisdiction" by relying "on federal criminal statutes only," *Robinson v. Pulaski Tech. Coll.*, 698 F. App'x 859 (8th Cir. 2017) (per curiam) (citations omitted), as they have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Savannah v. United States*, No. 3:07-cv-2052-O, 2009 WL 1181066, at *2 (N.D. Tex. Apr. 30, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also McKeague v. Matsuura*, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) (citing "a handful of federal criminal statutes ... fails to sufficiently demonstrate that [a plaintiff's] claims arise under federal law" (citation

omitted)).

>Plaintiffs have thus failed to show that the Court possesses subject matter jurisdiction over their claims. The Court should therefore dismiss this action without prejudice.

Dkt. No. 7 at 6.

Overruling Plaintiffs' objections to the FCR [Dkt. No. 9], the Court accepting the FCR and entered judgment dismissing this action without prejudice on March 24, 2020. *See* Dkt. Nos. 10 & 11.

Undaunted, Plaintiffs filed on April 8, 2020 Re-Filing of Complaint 3-19-CV-3003-M, asserting that "[t]his Federal Court does have subject-matter jurisdiction because this Court has the power to invoke Rule 60(d)(3) of the Federal Rules of Civil Procedure to set aside judgments, not time-barred, that were obtained by 'fraud on the court' when a party can show by clear and convincing evidence, intentional fraudulent conduct specifically directed at the court – and its judicial machinery – itself." Dkt. No. 12. This filing drew a motion to dismiss on June 23, 2020. *See* Dkt. No. 14.

First, Plaintiffs are not asserting that this Court's March 24 judgment is fraudulent. They are again moving for relief from the state court judgments. But Rule 60 does not apply to proceedings outside this Court. *See, e.g.,* FED. R. CIV. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts …."). And Rule 60 does not provide Plaintiffs an independent federal cause of action. *See Coultas v. Payne*, No. 3:11-cv-00045-AC, 2015 WL 740421, at *4 (D. Or. Feb. 24, 2016) ("Since its common-law origins, the court's authority to address frauds on the court was memorialized in Federal Rule of Civil Procedure 60. …

Despite the references made to it in the Rules of Civil Procedure, however, the concept of 'fraud on the court' remains cloaked firmly in the concept of equity. Due to those equitable origins, no court has found that fraud on the court is an independent legal cause of action for which a plaintiff may recover damages. Instead, it is a theory pursuant to which a party may seek relief from a judgment or court order induced on the basis of the opposing party's fraud." (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944))).

Moreover, Plaintiffs' most recent filing again shows why *Rooker-Feldman* bars this Court from assuming subject matter jurisdiction over this case. *See Heriveaux v. Lopez-Reyes*, No. 17-cv-9610(AJN), 2018 WL 3364391, at *3 (S.D.N.Y. July 10, 2018) ("[P]ursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to consider Plaintiff's Rule 60(d)(3) claim, which asks the Court to 'set aside a judgment for fraud on the court.' FED. R. CIV. P. 60(d)(3). Likewise, the Court lacks jurisdiction to vacate or declare void and unenforceable the state court judgment or to enjoin Defendants from enforcing that judgment against Plaintiff.").

For these reasons, the Court should strike Plaintiffs' unauthorized April 8 filing [Dkt. No. 12] and terminate the motion to dismiss filed on June 23, 2020 [Dkt. No. 14].

The Court should also warn Plaintiffs that further frivolous filings in this closed action, in which the deadline to file a notice of appeal has passed, may subject them to sanctions, including the Court imposing monetary sanctions and/or precluding them from making further filings without leave of Court.

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means that p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets,'" *Ruston v. Dallas Cnty.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

**Recommendation**

The Court should strike Plaintiffs Gwendolyn D. Gabriel and Barbara J. Gabriel's Re-Filing of Complaint 3-19-CV-3003-M [Dkt. No. 12], terminate the motion to dismiss filed June 23, 2020 [Dkt. No. 14], and warn Plaintiffs that further frivolous filings in this action may subject them to sanctions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 29, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE